UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAULYS CHICO-POLO and
ROYMAN CHICO,

    Plaintiffs,

v.

Case No. 10-10758
Honorable Patrick J. Duggan

EMBARQ PAYPHONE SERVICES, INC.,
MICHAEL HYNES, MICHIGAN
DEPARTMENT OF CORRECTIONS,
PATRICIA CARUSO, SEAN LOCKHART,
and STEVEN MOTZ,

    Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANTS EMBARQ PAYPHONE SERVICES, INC.'S AND MICHAEL HYNES' MOTION TO DISMISS; (2) GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, PATRICIA CARUSO, SEAN LOCKHART, AND STEVEN MOTZ; AND (3) DENYING AS MOOT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO THE MICHIGAN DEPARTMENT OF CORRECTIONS**

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983, contending that Defendants have deprived them of their constitutional rights by precluding Plaintiff Daulys Chico-Polo, a Michigan Department of Corrections' prisoner, from making telephone calls to Plaintiff Royman Chico and other family members residing in Nicaragua and Columbia. Plaintiffs filed a motion for default judgment as to Defendant Michigan Department of Corrections ("MDOC") on June 4, 2010. (Doc. 13.) On June 7,

2010, Defendants Embarq Payphone Services, Inc. ("Embarq") and Embarq employee Michael Hynes (collectively "Embarq Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14.)  On June 23, 2010, the MDOC and MDOC employees Patricia Caruso, Sean Lockhart, and Steven Motz (collectively "MDOC Defendants") filed a motion to dismiss or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Doc. 23.)  The Court has referred this matter to Magistrate Judge R. Steven Whalen for all pretrial matters, including a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 18.)

On January 10, 2011, Magistrate Judge Whalen issued an R&R with respect to the Embarq Defendants' motion to dismiss.  (Doc. 46.)  Finding that neither Embarq nor Hynes are state actors, Magistrate Judge Whalen concludes that Plaintiffs cannot state a viable § 1983 claim against them.  (*Id*. at 4.)  Although the Embarq Defendants raised other grounds in support of their motion to dismiss, Magistrate Judge Whalen found it unnecessary to address those arguments.  (*Id*. at 5.)

On January 18, 2011, Magistrate Judge Whalen issued an R&R addressing the MDOC Defendants' motion to dismiss or for summary judgment.  (Doc. 48.)  Magistrate Judge Whalen concludes that the MDOC Defendants are entitled to qualified immunity to the extent they are sued in their individual capacities.  (*Id*. at 9-10.)  Magistrate Judge Whalen further concludes that Plaintiffs are not entitled to monetary damages against the MDOC Defendants to the extent they are sued in their official capacities.  The magistrate

judge notes, however, that Plaintiffs also are suing the MDOC Defendants for injunctive relief for which he finds they are not entitled to Eleventh Amendment immunity.[1] (*Id*. at 10-11.) Magistrate Judge Whalen further finds that Plaintiff Royman Chico, who is neither a resident nor citizen of the United States and who was deported from the United States in 2005, lacks standing to assert the violations of the United States Constitution set forth in the Complaint. (*Id*. at 13-14.) The magistrate judge then evaluates Plaintiffs' First Amendment and Equal Protection claims and finds the former claim but not the latter claim subject to dismissal. (*Id*. at 11-14.)

In these claims, Plaintiffs challenge MDOC Policy Directive 05.03.130 to the extent that it prohibits prisoner telephone calls to Columbia and Nicaragua. Policy Directive 05.03.130 states, in relevant part:

> Except as approved by the Warden or designee for emergencies, all prisoner telephone calls shall be on a collect or prepaid basis. . . . Telephone service shall be provided throughout the United States, Canada, Mexico, Puerto Rico, the Virgin Islands, and Guam. . . .

(Doc. 23 Ex. E ¶ G.) With respect to Plaintiffs' First Amendment challenge to the policy, Magistrate Judge Whalen applies a deferential level of scrutiny and concludes that the policy does not violate Plaintiffs' right to communicate with family and friends under the First Amendment when evaluated pursuant to *Turner v. Safley*, 482 U.S. 78, 107 S. Ct.

---

[1] MDOC is an arm of the State of Michigan. *See McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). As such, it actually is entitled to Eleventh Amendment immunity whether being sued under § 1983 for injunctive, declaratory, or monetary relief. *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (Eleventh Amendment immunity is far reaching, barring "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments").

2254 (1987). As to Plaintiffs' claim under the Equal Protection Clause, however, Magistrate Judge Whalen subjects the policy to strict scrutiny analysis based on Plaintiffs' allegation that the policy treats Plaintiff Daulys Chico-Polo ("Chico-Polo") differently based on his national origin– that being as a citizen of Columbia. (*Id*. at 13.) Magistrate Judge Whalen concludes that the MDOC Defendants have not identified a compelling governmental interest to support the challenged policy. (*Id*. at 14.)

On February 4, 2011, Magistrate Judge Whalen issued a R&R addressing Plaintiffs' motion for default judgment as to MDOC. (Doc. 52.) Magistrate Judge Whalen recommends that this Court deny the motion because a Clerk's entry of default has never been entered. (*Id*. at 2.)

At the conclusion of each of his R&Rs, Magistrate Judge Whalen informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 2; Doc. 46 at 5-6; Doc. 48 at 16.) On January 21, 2011, Plaintiff filed objections to Magistrate Judge Whalen's R&R addressing the Embarq Defendants' motion to dismiss. The Embarq Defendants filed a response to Plaintiffs' objections on February 4, 2011. As of this date, no other objections to the R&Rs have been filed.

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D.

Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the Report and Recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

     In their objections, Plaintiffs reargue the four grounds on which the Embarq Defendants sought dismissal of the Complaint (sufficiency of process, lack of personal jurisdiction, lack of action under color of state law, and failure to state an equal protection claim). Magistrate Judge Whalen, however, recommends dismissal of Plaintiffs' claims against the Embarq Defendants based only his finding that they were not acting as "state actors" as required under 42 U.S.C. § 1983. This Court agrees with Magistrate Judge Whalen's analysis of this issue and finds no basis in Plaintiffs' objections to rule differently. But even if the Embarq Defendants were acting as state actors, the Court would dismiss Plaintiffs' § 1983 claims against them because, as set forth below, Plaintiffs fail to set forth a viable claim alleging a violation of their constitutional rights.

     This Court agrees with Magistrate Judge Whalen's conclusion that Plaintiffs' First Amendment claim must be dismissed pursuant to *Turner*. The Court believes, however, that the same analysis renders Plaintiffs' equal protection claim subject to dismissal. Contrary to Magistrate Judge Whalen's finding, this Court does not believe that MDOC's telephone policy "trammels fundamental personal rights or is drawn upon inherently

5

suspect distinctions such as race, religion[, national origin,] or alienage . . ." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S. Ct. 2513, 2516-17 (1976). As such, the policy is not subject to strict scrutiny but need only be "be rationally related to a legitimate state interest." *Id*. at 303, 96 S. Ct. at 2517.

Magistrate Judge Whalen relied on Plaintiffs' allegation that Chico-Polo is being deprived of a privilege based on his national origin. (Doc. 48 at 13 (citing Compl. ¶ 1).) However all MDOC prisoners, regardless of their national origin (or any other classification), are not permitted to make telephone calls to any destination unless within the United States, Canada, Mexico, Puerto Rico, the Virgin Islands, or Guam. *See* MDOC Policy Directive 05.03.130 ¶ G. Therefore, the *Turner* rational basis analysis also applies to Plaintiffs' equal protection claim and, as Magistrate Judge Whalen indicates, the MDOC Defendants have shown a rational basis for Policy Directive 05.03.130.

For these reasons, and the additional reasons set forth in Magistrate Judge Whalen's R&Rs, this Court concludes that Plaintiffs' claims against the Embarq Defendants and the MDOC Defendants must be dismissed. Plaintiffs' motion for default judgment as to MDOC is moot.

Accordingly,

**IT IS ORDERED**, that Defendants Embarq Payphone Services, Inc.'s and Michael Hynes' motion to dismiss (Doc. 14) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the motion to dismiss or, in the alternative, for summary judgment filed by Defendants Michigan Department of Corrections, Patricia Caruso, Sean Lockhart, and Steven Motz (Doc. 23) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' motion for default judgment as to MDOC is **DENIED AS MOOT**.


Date: March 7, 2011                           s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Daulys Chico-Polo, #270901
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Royman Chico
Edificio Altamira
Torre B, Apt #503-B
Armenia
Columbia

Brian M. Ziff, Esq.
A. Peter Govorchin
Magistrate Judge R. Steven Whalen